UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-60408-BLOOM/Valle

REICHEN KUHL, *as owner of the 2002 28-foot Four Winns 280 Horizon motorboat, HIN GFNCE005F102*,

    Petitioner.

_____/

## ORDER ON PARTIAL MOTION TO DISMISS AND MOTION TO STRIKE CLAIMANT SUNTEX MARINA INVESTORS, LLC'S AMENDED CLAIM

**THIS CAUSE** is before the Court upon Petitioner's Partial Motion to Dismiss and Motion to Strike Claimant Suntex Marina Investors, LLC's ("Claimant" or "Suntex") Amended Claim, ECF No. [78] and Memorandum in Support, ECF No. [79] (together, the "Motion"). Claimant filed a Response, ECF No. [99], to which Claimant filed a Reply, ECF No. [103]. The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

    **I.**    **BACKGROUND**

This case arises as a result of a fire aboard a 2002 28-foot Four Winns, 280 Horizon motorboat ("Limitation Vessel") after Petitioner docked the Limitations Vessel for fueling at Bahia Mar Marina in January 2021. Following fueling, a large explosion occurred in the Limitation Vessel's machinery space and a fire broke out aboard the Limitation Vessel. Petitioner was injured as a result, the Limitation Vessel was effectively destroyed, a motor yacht moored behind the Limitation Vessel sustained damage, and the Bahia Mar Marina fuel dock was damaged. Suntex is the owner of Bahia Mar Marina. On February 22, 2021, Petitioner, as titled owner of the Limitation Vessel, initiated this action for exoneration from or for limitation of liability pursuant

to 46 U.S.C. §§ 30501, *et seq.*, Supplemental Rule F, and Local Supplemental Rule F for all claims arising out of the fire incident. *See* ECF No. [1]. Suntex filed a Rule F(5) Claim, ECF No. [33], and thereafter an Amended Rule F(5) Claim, ECF No. [71], asserting claims of negligence (Count I), violation of Florida Statutes, Section 327.32 (Count II), demanding attorney's fees and a jury trial. Petitioner now requests that the Court dismiss or strike Count II of the Amended Counterclaim, and strike Suntex's demand for attorney's fees and a jury trial. In response to the Motion, Suntex has withdrawn its request for attorney's fees and a jury trial. Accordingly, the Court considers only Petitioner's request for dismissal of, or to strike, Count II.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on " 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp.

2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).

Federal Rule of Civil Procedure, Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," granting courts broad discretion in making this determination. Fed. R. Civ. P. 12(f). Motions to strike "will usually be denied unless the allegations have no possible relation to the controversy." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation marks and citation omitted).

### III. DISCUSSION

At the outset, the Court notes that Petitioner requests dismissal, or in the alternative, that the Court strike Count II. Petitioner asserts the proper standard of review for a challenge to the sufficiency of a Rule F(5) claim is rarely addressed, but that other courts in this district have applied Rule 12(b)(6). *See* ECF No. [79] at 3 n.1. Because the Court may dismiss a cause of action under Rule 12(b)(6) when no construction of the facts will support it based on a dispositive issue of law, the Court need not consider Petitioner's alternative request to strike.

Petitioner argues that Count II must be dismissed because Florida Statutes, Section 327.32 imposes a higher standard of care than permitted under general maritime law. Suntex responds that it does not dispute this is a case within the Court's admiralty jurisdiction, nor that maritime law applies. Rather, Suntex contends that the standard of care imposed under Florida Statutes, Section

327.32 does not conflict with general maritime law because the property damages suffered by Suntex were not as a result of a collision or allision, and therefore, a higher standard of care may be applied. The Court disagrees.

"Every species of tort, however occurring, and whether on board a vessel or not, if upon the high seas or navigable waters, is of admiralty cognizance." *Mink v. Genmar Indus., Inc.*, 29 F.3d 1543, 1545 (11th Cir. 1994). The applicable standard of care in admiralty cases is reasonable care under the circumstances. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959); *Fischer v. S/Y Neraida*, 508 F.3d 586, 594 (11th Cir. 2007).

In cases where a state statute conflicts with established federal maritime law or would materially frustrate a tenet of admiralty law, the state statutes should generally not be applied. *See Steelmet, Inc. v. Caribe Towing Corp.*, 779 F.2d 1485, 1488 (11th Cir. 1986); *Branch v. Schumann*, 445 F.2d 175, 178 (5th Cir. 1971);[1] *Miami Valley Broadcasting Corp. v. Lang*, 429 So. 2d 1333, 1337 (Fla. 4th DCA 1983). In *Branch* and *Lang*, the state law would have imposed a stricter standard of care or burden than established by federal maritime law, and because it conflicted with federal maritime law and would have effectively changed the accepted maritime standard of care, the state law in these cases could not be applied. The court in *Branch* considered, and rejected, the applicability of the very statute Suntex contends should apply here, on the basis that it would conflict with the general maritime law.[2] *Branch*, 445 F.2d at 178.

---

[1] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] Florida Statutes, Section 371.52 was renumbered as Section 327.32 in 1981. Section 327.32 states, in pertinent part that

> All vessels, of whatever classification, shall be considered dangerous instrumentalities in this state, and any operator of a vessel shall, during any utilization of the vessel, exercise the highest degree of care in order to prevent injuries to others.

Suntex attempts to draw a distinction in this case because the damage to Bahia Mar Marina caused by the fire is not a personal injury nor the result of a collision or allision. However, Suntex has not cited, nor has the Court found, any case in which a court applying maritime law has drawn a distinction in the applicable standard of care based upon the cause of the alleged damages. Indeed, a review of the case law demonstrates that the standard of care uniformly applied by the courts is the standard imposed under maritime law, whether the resulting damages are to persons or property. *See Fischer*, 508 F.3d at 594 (collecting cases); *Branch*, 445 F.2d at 177-78; *Matter of Rogers*, No. 4:18-CV-10012-JLK, 2018 WL 11229132, at *2 (S.D. Fla. Sept. 18, 2018); *Cigarette Racing Team v. Gandee*, 418 So. 2d 337, 338 n.1 (Fla. 3d DCA 1982). As such, Florida Statutes section 327.32 does not apply in this case.

### IV.     CONCLUSION

Accordingly it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [78]**, is **GRANTED**, and Count II of Suntex's Amended Claim, ECF No. [71], is **DISMISSED WITH PREJUDICE**. In addition, the Court accepts Suntex's withdrawal of its request for attorney's fees and demand for a jury trial.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 29, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record