**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**IN ADMIRALTY**

Case No.: 0:21-cv-60408-BB

IN THE MATTER OF THE COMPLAINT
OF REICHEN KUHL, AS OWNER OF A
2002 28' FOUR WINNS 280 HORIZON
MOTORBOAT, HIN GFNCE005F102,

FOR EXONERATION FROM OR
LIMITATION OF LIABILITY
_____/

**CLAIMANT SUNTEX MARINA INVESTORS LLC'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Claimant, SUNTEX MARINA INVESTORS LLC, and its relevant wholly owned subsidiaries, and related entities, including but not limited to RAHN MARINA LLC, BAHIA MAR SMI SERIES, and RAHN MARINA LLC, BAHIA MAR SMI OPCO SERIES, (hereinafter "SUNTEX"), pursuant to Federal Rule of Civil Procedure 12(c) hereby files this Motion for Judgment on the Pleadings and states as follows:

**INTRODUCTION**

On February 22, 2021, Petitioner, REICHEN KUHL, filed a Complaint in Admiralty for Exoneration from or Limitation of Liability requesting relief pursuant to 46 U.S.C. §30501 *et. seq.* (LOLA) for the damages caused by an explosion and fire aboard the Limitation Vessel on January 17, 2021. [D.E. 1]. The facts as plead by the Petitioner in his LOLA Complaint unequivocally demonstrate that REICHEN KUHL was both the master and owner of the limitation vessel at the time of the incident.

46 U.S.C. §30512 of the LOLA Statute clearly and unequivocally states:

> **This chapter does not affect the liability of an individual as a master, officer, or seaman, even though the individual is also an owner of the vessel.**

SUNTEX's Motion for Judgment on the Pleadings should be granted because Petitioner REICHEN KUHL's Complaint, on its face, demonstrates that REICHEN KUHL is not entitled to the protections of the Limitation of Liability statutory scheme.

### LEGAL STANDARD FOR JUDGMENT ON THE PLEADINGS

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c).

Judgment on the pleadings is appropriate when material facts are not in dispute and judgment can be rendered by looking at the substance of pleadings and any judicially noticed facts. *See Bankers Ins. Co. v. Florida Residential Property and Cas. Joint Underwriting Ass'n,* 137 F.3d 1293, 1295 (11th Cir. 1998) and *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998). When determining whether a motion for judgment on the pleadings is appropriate, **a court accepts the facts alleged in the complaint as true** and draws all inferences that favor the nonmovant. *Bankers Ins. Co.,* at 1295.

A motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted in the pleadings and only questions of law remain, which occurs when the sole question of law is the applicability or interpretation of a statutory provision. *Hebert Abstract Co. v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990) (*citing* 5A Wright & Miller, *Federal Practice & Procedure, §1367* at 511)).

### OPERATIVE PLEADINGS

Amongst the allegations in his Complaint [D.E. 1], Petitioner pleads that:

3.     "At all material times, Limitation Plaintiff Reichen Kuhl was and is a Florida resident, residing in Fort Lauderdale."

4.     "The Limitation Vessel is a 2002 28-foot Four Winns 280 Horizon motorboat, with the Hull Identification Number GFNCE005F102 and Florida Registration: FL2999LZ, purchased by the Limitation Plaintiff on or about December 18, 2020."

9.     "At all material times, the Limitation Plaintiff was the sole owner of the Limitation Vessel."

8.     "On January 17, 2021, the Limitation Plaintiff took the Limitation Vessel out on the water for the first time."

10.    "On January 17, 2021, the Limitation Plaintiff operated the Limitation Vessel on a voyage from his residence to the fuel dock at the Bahia Mar Marina, which is located on the navigable waters of the Intracoastal Waterway, in Fort Lauderdale, Florida (hereinafter, the "Voyage") . . . ."

11.    "After fueling the Limitation Vessel at Bahia Mar Marina, and after operating the Limitation Vessel's engine space ventilation blower fans for several minutes (and with the blower fans still in operation), Limitation Plaintiff started the Limitation Vessel's two main engines. Both engines ran without any problem for ten to fifteen seconds, after which a large explosion occurred in the Limitation Vessel's machinery space and a fire broke out aboard the Limitation Vessel (hereinafter, the "Fire").

## MEMORANDUM OF LAW

As instructed by the Eleventh Circuit in *Hawthorne*, we begin with the language of the statute itself. *Supra,* 140 F.3d at 1370.  46 U.S.C. §30512 states in its entirety:

> **This chapter does not affect the liability of an individual as a master, officer, or seaman, even though the individual is also an owner of the vessel.**

This Statute clearly states that the Limitation of Liability Act simply does not apply to an individual who is acting as the master of the vessel, even if the master also owns the vessel.

While the Statute itself is clear on its face, recent case law underscores both its clarity and the simplicity of its application. In *In re Lee,* 2009 WL 3387955, at *2 (N.D. Ill. Oct. 14, 2009)*,* the court, when faced with very similar facts as the instant case, held that: "Further, the Act [LOLA] does not apply to an individual as captain of the vessel even if the captain  also owns the vessel . . . Section 30512 of title 46 is clear; Lee may not receive immunity from potential claims based on his actions as captain of the vessel because he was also the owner of the vessel." Even before §30512 was amended and recodified in 2006 (previously it was 46 U.S.C. §187), the simplicity of its application remained the same. In *Zapata Haynie Corp. v. Arthur,* 926 F.2d 484 (5th Cir. 1991), the Fifth Circuit held that the stay provisions of Limitation of Liability Act applied to owners only, and that LOLA does not extend to masters.  Specifically, the Fifth Circuit held that: "The various provisions of the Act are not ambiguous, nor are they in conflict with one another: the Act requires stays of proceedings against ship owners; **it does not permit stays of proceedings against masters**." (*Emphasis added); Id.* at 486.

Given that the facts that REICHEN KUHL pleads within his Complaint are undisputed and must be accepted as true for the purposes of this motion, *i.e.*, REICHEN KUHL was both the master and owner of the vessel at the time of the January 17, 2021 explosion and fire, all that remains for this Court to do is apply 46 U.S.C. §30512.  When the unequivocally clear language of LOLA is applied to REICHEN KUHL's straightforward Complaint allegations, §30512 mandates that the Petitioner here is unable to limit his liability as a matter of law.

## CONCLUSION

This Motion for Judgment on the Pleadings should be granted because the undisputed facts that are plead within the Complaint, specifically, that REICHEN KUHL was both the owner and master of the vessel throughout the January 17, 2021 incident, when juxtaposed with the clear language of 46 U.S.C §30512, makes it obvious that REICHN KUHL cannot avail himself of the protections and defenses of LOLA. This Motion for Judgment on the Pleadings is brought in a timely fashion so as not to delay trial and would be appropriate as a matter of law for the aforementioned reasons.[1]

**WHEREFORE**, Claimant/Third-Party Defendant, SUNTEX MARINA INVESTORS, LLC and its relevant wholly owned subsidiaries, and related entities, including but not limited to RAHN MARINA LLC, BAHIA MAR SMI SERIES, and RAHN MARINA LLC, BAHIA MAR SMI OPCO SERIES, respectfully requests that this

---

[1] Importantly, should this Court grant this Motion for Judgment on the Pleadings, the Court would not lose jurisdiction of any of the remaining aspects of this litigation; the litigation would only be simplified and streamlined. There would be no lost judicial economy; everything would remain "at issue".

REICHEN KUHL's Limitation Complaint [DE 1] and the Answers to it filed by SUNTEX [DE70], SEVEN LXXVII, LLC ("SEVEN") [DE 88] and ACE AMERICAN INSURANCE ("ACE") [DE 93] would be mooted and become inapplicable. The Rule F (5) Claims filed by SUNTEX [DE71], SEVEN [DE27] and ACE [DE 93] (all of which assert Rule 9 (h) /admiralty and maritime jurisdiction) for maritime torts (negligence) occurring on the navigable waters of the United States would become direct Complaints against REICHEN KUHL. REICHEN KUHL's Answers and Affirmative Defenses to these three Rule F (5) Claims [De 43, 69 and 81] (each of which admit to this Court's admiralty and maritime jurisdiction) would become REICHEN KUHL's Answers and Affirmative Defenses to SUNTEX, SEVEN and ACE's direct Complaints against REICHEN KUHL.

SEVEN's Third-Party Complaint [DE 45] and ACE's Crossclaim [DE 111] against SUNTEX (both already "at issue" via DE 112 and 113) would be unaffected.

Case No.: 0:21-cv-60408-BB

Honorable Court grant Third-Party Defendant's Motion for Judgment on the Pleadings, together with any other and further relief it deems just and proper.

Respectfully submitted,

**SIOLI ALEXANDER PINO**
Attorneys for Employer/Carrier
9155 S. Dadeland Blvd.
Suite 1600
Miami, Florida 33156
Tel: (305) 428-2470
Fax: (305) 428-2471

By: **/s/ Henry H. Bolz, III**
Frank J. Sioli, Esq.
Florida Bar No: 009652
FSioli@siolilaw.com
Henry H. Bolz, III, Esq.
Florida Bar No.: 260071
HBolz@siololaw.com
Sergio Blanco-Herrera, Esq.
Florida Bar No: 1010345
SHerrera@siolilaw.com

Case No.: 0:21-cv-60408-BB

## <u>Certificate of Service</u>

**WE HEREBY CERTIFY** that a copy of the foregoing has been furnished to all parties on the Service List by the means indicated below on this 9th day of August 2021.

Respectfully submitted,

**SIOLI ALEXANDER PINO**
Attorneys for Employer/Carrier
9155 S. Dadeland Blvd.
Suite 1600
Miami, Florida 33156
Tel: (305) 428-2470
Fax: (305) 428-2471

By: ___*/s/ **Henry H. Bolz, III**___
    Frank J. Sioli, Esq.
    Florida Bar No: 009652
    FSioli@siolilaw.com
    Henry H. Bolz, III, Esq.
    Florida Bar No.: 260071
    HBolz@siololaw.com
    Sergio Blanco-Herrera, Esq.
    Florida Bar No: 1010345
    SHerrera@siolilaw.com

Case No.: 0:21-cv-60408-BB

## SERVICE LIST

Christopher A. Abel, Esq.
Willcox & Savage, P.C.
404 Monticello Avenue
Norfolk, VA 23510
E-Mail: cabel@wilsav.com
Telephone: (757) 628-5547
Attorney for REICHEN KUHL

Craig M. Greene, Esq.
Jeanette Bellon, Esq.
Kramer, Green, Zuckerman, Greene &
Buchsbaum, P.A.
4000 Hollywood Blvd., Suite 485 South
Hollywood, FL 33021
E-Mail: cgreene@kramergreen.com
E-Mail: jbellon@kramergreen.com
Telephone: (954) 362-3060
Facsimile: (954) 981-1605
Attorney for ACE AMERICAN
INSURANCE COMPANY

Robert D. McIntosh, Esq.
Adam B. Cooke, Esq.
FOWLER WHITE BURNETT, P.A. 200
East Las Olas Boulevard
Suite 2000 - Penthouse B
Fort Lauderdale, Florida 33301
Email: rmcintosh@fowler-white.com
Email: acooke@fowler-white.com
Telephone: (954) 377-8100
Facsimile: (954) 377-8101

Henry Salas, Esq.
Sean Hernandez, Esq.
COLE, SCOTT & KISSANE, P.A.
Dadeland Centre II
9150 South Dadeland Blvd., 14th
Floor
Miami, FL 33156
E-Mail:
henry.salas@csklegal.com
Sean.hernandez@csklegal.com
Telephone: (786) 268-6419
Facsimile: (305) 373-2294
Attorney for REICHEN KUHL

Jeanne E. Noonan, Esq.
Wilcox & Savage, P.C.
440 Monticello Avenue
Suite 2200
Norfolk, VA 23510
E-Mail: jnoonan@wilsav.com
Telephone: (727) 628-5554
Attorney for REICHEN KUHL