UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-60408-BLOOM/Valle**

REICHEN KUHL, *as owner of the 2002 28-foot Four Winns 280 Horizon motorboat, HIN GFNCE005F102*,

    Petitioner.
_____/

## ORDER ON MOTION FOR BILL OF COSTS

**THIS CAUSE** is before the Court upon Third Party Defendant Suntex Marina Investors LLC, and its relevant wholly owned subsidiaries, and related entities, including but not limited to Rahn Marina LLC, Rahn Marina SMI Opco Series LLC, and Bahia Mar SMI Series' (collectively, "Suntex") Agreed Motion and Memorandum in Support of Its Bill of Costs, ECF No. [209] ("Motion"). The Court has reviewed the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

On July 29, 2022, the Court entered Final Judgment in favor of Suntex upon Third Party Plaintiff Seven LXXVII, LLC's ("Seven") claim of gross negligence. ECF No. [205]. Suntex now seeks to recover its costs.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920."

Case No. 21-cv-60408-BLOOM/Valle

*Bryant v. Cab Asset Mgmt., LLC*, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Under 28 U.S.C. § 1920, a judge may tax as costs the following:

(1)     Fees of the clerk and marshal;

(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course"; "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009) (internal citations omitted).

As the prevailing party, Suntex seeks an award of $10,313.68 as taxable costs incurred in this case. *See* ECF No. [209]. Pursuant to Local Rule 7.3, a bill of costs must include documentation showing the amount of costs and a supporting memorandum. S.D. Fla. L.R. 7.3(c). Specifically, Suntex seeks reimbursement for deposition and trial transcripts ($9,390.13), fees for service of a subpoena upon Seven's expert's employer ($65.00), and printing expenses to prepare

trial notebooks ($858.55). In support of its request, Suntex attaches its Bill of Costs, ECF No. [209-1], and associated payment records, ECF Nos. [209-2]-[209-4]. Based upon a review of the materials submitted by Suntex, the Court finds that the requested costs are reasonable and recoverable. *See Monelus*, 609 F. Supp. 2d at 1338 ("Under the statute, recoverable costs include deposition transcript costs and attendance fees of the court reporter per diem.") (citing *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21 2007)); *EEOC v. W&O, Inc.,* 213 F.3d 600, 623 (11th Cir. 2000) (concluding that private process servers may be taxed pursuant to 28 U.S.C.A § 1920(1) which permits taxation of "[f]ees of the clerk and marshal"); *MC&VC Corp. v. Scottsdale Ins. Co.*, No. 21-CV-60729-RUIZ/STRAUSS, 2022 WL 395736, at *2 (S.D. Fla. Jan. 24, 2022) (recognizing that copying/printing costs are taxable under either § 1920(3) or § 1920(4)), *report and recommendation adopted by* 2022 WL 393558, at *1 (S.D. Fla. Feb. 9, 2022). Accordingly, Suntex is entitled to recover $10,313.68 in costs.

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Suntex's Motion, **ECF No. [209]**, is **GRANTED**.
2. Suntex is awarded **$10,313.68 in taxable costs**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 29, 2022.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record