UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-60408-BLOOM/Valle

REICHEN KUHL, *as owner of the 2002 28-foot Four Winns 280 Horizon motorboat, HIN GFNCE005F102*,

    Petitioner.
_____/

**ORDER ON MOTION TO ALTER OR AMEND JUDGMENT
UNDER FEDERAL RULE 59(e)**

**THIS CAUSE** is before the Court upon Seven LXXVII's ("Seven") Motion to Alter or Amend Judgment Under Federal Rule 59(e), ECF No. [208] ("Motion"). Petitioner Reichen Kuhl filed a response, ECF No. [213], and Suntex Marina Investors LLC, and it relevant wholly owned subsidiaries, and related entities, including but not limited to Rahn Marina LLC, Rahn Marina SMI Opco Series, LLC, and Bahia Mar SMI Series (collectively, "Suntex") filed a response, ECF No. [214], to which Seven filed replies, ECF Nos. [218], [219]. The Court has carefully considered the Motion, the responses, the replies, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.    BACKGROUND**

The Court held a two-day bench trial on April 12 - April 13, 2022, on Kuhl's petition for exoneration or limitation of liability, Seven's claim of negligence against Kuhl, and Seven's claim of gross negligence against Suntex. ECF Nos. [193], [195]. The parties submitted proposed findings of fact and conclusions of law. *See* ECF Nos. [199], [200], [201]. Thereafter, the Court entered its Findings of Fact and Conclusions of Law, in which the Court determined that Kuhl is entitled to limitation of liability, and that the evidence did not establish Seven's claims for negligence against Kuhl or gross negligence against Suntex. *See* ECF No. [204] ("Findings and

Conclusions"). The Court subsequently entered judgment in favor of Kuhl on his petition for limitation of liability and upon Seven's claim for negligence, and in favor of Suntex upon Seven's claim for gross negligence. *See* ECF No. [205]. In the Motion, Seven seeks reconsideration of the Court's Findings and Conclusions.

II.     **LEGAL STANDARD**

"Rule 59(e) of the Federal Rules of Civil Procedure authorizes a party to file a motion to alter or amend a judgment within 28 days after the entry of the judgment." *Bland v. Alabama*, No. 2:15-CV-0029-MHH-JEO, 2016 WL 10930989, at \*1 (N.D. Ala. Oct. 6, 2016) (citations omitted). However, the United States Supreme Court and the Court of Appeals for the Eleventh Circuit have made it clear that Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *see also Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 746 (11th Cir. 2014); *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999) (recognizing that Rule 59(e) motions may only be granted based on "newly-discovered evidence or manifest errors of law or fact."); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."). "A motion for relief under Rule 59(e) is a matter committed to the discretion of the district court." *Bland*, 2016 WL 10930989, at \*1 (citing *Stansell*, 771 F.3d at 746).

"[C]ourts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen,*

2

*P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a

3

showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request"). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted). Simply put, a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-

78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

Through this lens, the Court considers the Motion.

### III. DISCUSSION

Seven argues that reconsideration of the Findings and Conclusions is warranted to correct clear error and manifest injustice, in addition to the Court misunderstanding certain record evidence and the relevant applicable standards. The Motion sets forth what Seven believes to be the undisputed facts regarding Kuhl's negligence, Suntex's gross negligence, the cause for the explosion, and the expert testimony. Seven then submits that the evidence supports the exact opposite conclusions than those reached by the Court. However, Seven's arguments appear to be premised upon the unfounded assertion that the Court did not properly or adequately consider the record in rendering its Findings and Conclusions. In its replies, Seven states

> As SEVEN stated at the outset, all parties in this case, and most importantly the Court, labored to submit and consider the post-trial briefs without the benefit of the trial transcripts containing the record evidence. However, now that the transcripts have been obtained and pin cites provided to the Court so that it can adequately review *the entire record* . . . .

ECF Nos. [218] at 1, [219] at 1 (emphasis in original). However, the record in this case does not support Seven's assertion. First, the Court was present at, and presided over, the bench trial in this case, and therefore, it is unclear why the point at which the *parties* obtained the transcripts is relevant to the *Court's* consideration of the evidence presented. Second, the Court certainly did consider the record. A review of the docket demonstrates that, contrary to Seven's assertion, the transcripts of the trial were filed on June 16, 2022, ECF Nos. [202], [203], and the Court's Findings and Conclusions were not entered until July 28, 2022. ECF No. [204]. As such, Seven's claim that the Court did not adequately review the record is without merit.

Case No. 21-cv-60408-BLOOM/Valle

In addition, as Kuhl and Suntex correctly point out in their responses, Seven does not point to any specific facts or law in the Court's Findings and Conclusions that are clearly erroneous; instead, Seven disagrees with the Court's weighing of the evidence and its conclusions reached. Such a disagreement is a not a valid basis for reconsideration, and Seven's Motion is therefore due to be denied. "[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Roggio v. United States*, No. 11-22847-CIV, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) (internal citation and quotation marks omitted); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (recognizing no basis for reconsideration where motion did nothing but ask the court to reexamine an unfavorable ruling, absent a manifest error of law or fact). Indeed, "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation and alterations omitted).

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [208]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 21, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record